UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

E*TRADE SECURITIES, LLC,

      Plaintiff,

v.                           CASE NO. 8:12-CV-1766-T-17TBM

LUCILLE NASH and
GERALD Q. NASH,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 1.  Motion to Vacate Arbitration Award in Part and Motion to Confirm Award in Part
Dkt. 2   Amended Answer
Dkt. 12  Motion for Summary Judgment
Dkt. 15  Response
Dkt. 17  Amended Motion for Leave to File Reply
Dkt. 18  Response

Plaintiff E*Trade Securities, LLC ("E*Trade") has filed a Motion to Vacate Arbitration Award in Part and Motion to Confirm Award in Part. Plaintiff E*Trade Securities, LLC moves to vacate the Award in part because the arbitrators exceeded their authority by deciding an issue that was not before them at the final hearing, whether E*Trade Securities, LLC was entitled to attorney's fees under Florida Statute 517.211(6). A final Award was entered in FINRA Dispute 11-02285 on May 7, 2012.

Plaintiff E*Trade has moved to vacate the Award pursuant to 9 U.S.C. Sec. 10(a)(4). Plaintiff E*Trade explains that when the arbitration commenced, there were two possible grounds for an award of legal fees, Florida securities law and under New

Case No. 8:12-CV-1766-T-17TBM

Hampshire or Indiana law. In addition to statutory claims, Defendants asserted various common law claims. Plaintiff E*Trade contends that, because Defendants' claim under the Florida securities law was dismissed prior to the commencement of the final hearings, Defendants did not present the issue of entitlement to legal fees under Florida Statute 517.211(6) to the arbitrators, and Defendants did not ask the arbitrators to enter an award which determined that E*Trade was not entitled to legal fees under Florida Statute 517.211(6).

Plaintiff E*Trade otherwise moves to confirm the Award as to Defendants Lucille Nash and Gerald Q. Nash. The Award denies the claims of Defendants Lucille Nash and Gerald Q. Nash in their entirety, with prejudice.

Defendants Lucille Nash and Gerald Q. Nash move for summary judgment on the issue of whether Plaintiff E*Trades' entitlement to attorney's fees was submitted to the arbitrators for decision in the underlying Arbitration, notwithstanding Defendants' voluntary dismissal of their claim under Florida Statute 517 prior to the hearings and entry of the Award.

Plaintiff E*Trade opposes Defendants' Motion.

I. Standard of Review

A. Summary Judgment

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Case No. 8:12-CV-1766-T-17TBM

> "The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted." Id. at 249-50.

B. Petition to Vacate

There is a presumption that arbitration awards will be confirmed. Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1323 (11th Cir. 2010). Federal courts should defer to an arbitrator's decision whenever possible, giving great deference to arbitration awards. Kostoff v. Fleet Securities, Inc., 506 F.Supp.2d 1150 (M.D. Fla. 2007). The party moving to vacate bears the burden of refuting every rational basis on which the arbitrator could have relied. First Preservation Capital, Inc. v. Smith, Barney, Harris Upham & Co., Inc., 939 F.Supp. 1559, 1564 (S.D. Fla. 1996).

II. Discussion

A. Submission of Entitlement to Attorney's Fees to Panel

Case No. 8:12-CV-1766-T-17TBM

Defendants argue that the parties, by their actions, by their written filings, and by their Oral Arguments to the Panel during the Final Hearing, submitted the issue of entitlement to attorney's fees to the Panel.

The Statement of Claim included the claims of twelve Claimants against E*Trade, asserting statutory and common law claims. The Statement of Claim include Claimants' request for the determination of their entitlement to attorney's fees, to be awarded by a court of competent jurisdiction.

In the Answer to Claimants' Statement of Claim, E*Trade states that the Panel should deny all of Claimants' claims in their entirety and award attorney's fees and costs to E*Trade. In the conclusion, E*Trade states that "based on the foregoing, and upon the facts that will be proven at the final hearing, the Panel should deny Claimants' claims in their entirety and award to E*Trade its costs and confirm E*Trade's entitlement to recover attorneys' fees from Claimants."

In E*Trade's Pre-Hearing Brief, E*Trade requests that "the Panel enter an award dismissing Claimants' Statement of Claim in its entirety and awarding E*Trade Securities its costs and attorneys' fees as against all Claimants, jointly and severally."

At oral argument, E* Trade argued:

".....The violation of securities laws, we've been asking for a long time which ones and how did we violate them. The presumption is if Mr. Kauffman wasn't registered as an investment advisor, there's a violation of the 1940 Act, the provisions of it. Mr. Leisner showed you that is not true.

The same is true under Florida law. Now, claimant withdrew–claimant voluntarily–the claimants voluntarily dismissed their Chapter 517 claim. They did that just on the eve of pre-hearing briefing and that sort of thing. Their justification was, "We've determined that there weren't sufficient

contacts with Florida."

That claim, E*Trade invested a significant amount of money in trying to decipher how it works, trying to decipher what facts may be used in support of it. It's not a—it's probably not going to come as any surprise to any of you that under Chapter 517, E*Trade claims its entitlement to fees for that claim because it prevailed on that claim. Regardless of how it prevailed, a voluntary dismissal if it were permitted in FINRA rules is a termination in our favor.

That makes us a prevailing party. That is the law in Florida. That's what Chapter 517 provides. Chapter 517 also says the Court shall award reasonable attorney's fees to the prevailing party. There's an exemption. Unless doing so would be unjust. There's one case interpreting that unjust portion. The facts are nowhere close to what it is we've had to go through here.......

(Dkt. 9-2, pp. 13-15).

.....Here's the, um, 517 fees. They said under 517, the claimant is requesting that the panel find that, uh—or respondents—-correction, the panel find the respondents entitled to fees under 517.

But we're also requesting that we're entitled to fees under the entire claim. Don't want to jinx anything and don't want to be presumptuous, but if we prevail on all the claims here, because the claimants have requested that the panel determine entitlement to fees and because the respondents have, the panel has that authority.

And we'll ask the panel to do that for the respondent. Unfortunately, claimants' counsel—or the claimants are not entitled to recover their attorney's fees. There's no evidence in the record that there was as written contingent fee agreement or that there was any agreement among all of these folks.

That type of information would have to be put into evidence if they are requesting some type of fee entitlement, because at the confirmation stage, the rules regulating the Florida Bar–and again, it is not this panel's obligation to enforce the rules regulating the Florida Bar–but this case from 1997 makes clear, you have to have a contingent fee agreement in writing, signed by the customer, the client. No signed retainer or contract with the Johnsons. And consequently the trial court erred when it awarded attorneys' fees for his services.

Case No. 8:12-CV-1766-T-17TBM

> We would submit that based upon the Blair case, claimant has no entitlement to fees and that on confirmation, claimant would receive nothing.....

(Dkt. 9-2, pp. 19-20).

After six days of final hearing, the Panel issued the Award, granting Claimants, except for Defendants Lucille Nash and Gerald Q. Nash, compensatory damages and costs, including expert witness fees, totaling $1,422.211.34.

In the Award, the Panel found E*Trade liable to Claimants, except for Lucille Nash and Gerald Q. Nash, for violations of N.H. Rev. Stat. 421-B (New Hampshire Uniform Securities Act) and Indiana Code (Uniform Securities Act) 23-19. The claims of Lucille Nash and Gerald Q. Nash were denied in their entirety, with prejudice. The Panel denied further relief:

> Any and all relief not specifically addressed herein, including Claimants' request for punitive damages and Respondent's request for an order of entitlement to attorney's fees, is denied.
>
> Florida Statute 682.11 provides:
>
> "Unless otherwise provided in the agreement or provision for arbitration, the arbitrator's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award."

Under Florida law, the parties may waive their statutory right to have the Court determine attorney's fees. Turnberry Associates v. Service Station Aid, Inc., 651 So.2d 1173 (Fla. 1995). A waiver is an "express waiver" when it is "arrived at by words, oral or written..." Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co., 695 So.2d 383, 385 (Fla. 4th DCA 1997). An express waiver may be found where there is an oral stipulation on the record during arbitration, or a specific finding based on substantial competent evidence that the parties agreed to submit the issue of attorney's

Case No. 8:12-CV-1766-T-17TBM

fees to the arbitrator. GCA, Inc. v. 90 S.W. 80th St. Enters., Inc., 696 So.2d 1230, 1233 (Fla. 3d DCA 1997).   However, no "express agreement" devoted exclusively to the question of attorneys' fees is necessary, and the parties may, by their actions, filings, and submissions, expressly waive their right to insist that only a court decide the issue of attorney's fees. Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, 751 So.2d 143, 149 (Fla. 1st DCA 2000) (holding that the parties had waived their right to have a court decide attorney's fees because both parties had made claims for attorney's fees in arbitration and the arbitral panel had granted an award of attorneys' fees).

In this case, there is no written stipulation.  However, in the Statement of Claim, Claimants specifically requested the determination of entitlement to attorney's fees, and in its Answer, E*Trade specifically requested the determination of E*Trade's entitlement to attorney's fees.   E*Trade requested the determination of E*Trade's entitlement to attorney's fees in its Pre-Hearing Brief.  At oral argument, E*Trade signaled E*Trade's awareness that Claimants requested the determination of entitlement to attorney's fees in arbitration, and again requested a determination of E*Trade's entitlement to attorney's fees.  The Award makes specific determinations, granting the award of attorney's fees to Claimants, except for Lucille Nash and Gerald Q. Nash, pursuant to state statutes which include authorization for the award of attorney's fees to investors, and denying E*Trade's entitlement to the award of attorney's fees.

After consideration, the Court concludes that parties expressly waived the statutory right to have entitlement to the award of attorney's fees determined by the Court.  The Court **grants** Defendants' Motion for Summary Judgment as to this issue.

B.    Motion to Vacate Award in Part

9 U.S.C. Sec. 10(a)(4) provides:

Case No. 8:12-CV-1766-T-17TBM

> (a) In any of the following cases the United States District court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> ......
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

The Court concluded above that the parties expressly waived the statutory right to have the issue of entitlement to the award of attorney's fees determined by the Court. The arbitrators did not exceed their powers in determining the parties' entitlement to the award of attorney's fees. The Court therefore **denies** E*Trade's Motion to Vacate Award in Part.

C. Motion to Confirm Award in Part

Plaintiff E*Trade has moved to confirm the Award as to the Defendants Lucille Nash and Gerald Q. Nash.

In the Amended Answer, Defendants state that Defendants oppose the Motion to Confirm in part only if the Court is inclined to grant the Motion to Vacate in part as it relates to the denial of E*Trade's entitlement to attorney's fees. In that event, Defendants seek leave to supplement the Response.

The Court understands the Motion to Confirm Award in Part to be unopposed. After consideration, the Court **grants** the Motion to Confirm Award in Part.

D. Defendants' Request for Attorney's Fees

Defendants request that the Court award attorneys' fees to Defendants because

Case No. 8:12-CV-1766-T-17TBM

Plaintiff's Motion to Vacate in Part was without justification. After consideration, the Court **denies** Defendants' Request. Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 12) is **granted**; the Amended Motion for Leave to File Reply (Dkt. 17) is **denied as moot**; the Motion to Vacate Award in Part (Dkt. 1) is **denied**; the Motion to Confirm Award in Part (Dkt. 1) is **granted**. Defendants' Request for Attorney's Fees is **denied**. The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 12th day of March, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record